J-A05016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH FINANCIAL SYSTEMS, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MYLISA VANBUSKIRK | : | |
| | : | No. 1666 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered June 24, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  040702887.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 09, 2023**

Mylisa Vanbuskirk appeals from the order denying her petition to open an 18 year-old default judgment entered against her in this collection action. Upon review and request of the trial court, we vacate the order and remand for further proceedings.

On July 21, 2004, Commonwealth Financial Systems, Inc. ("Commonwealth Financial") filed this collection action against Vanbuskirk. The affidavit of service indicated that Vanbuskirk was personally served on August 10, 2004.  Vanbuskirk did not file any responsive pleading.

On October 1, 2004, Commonwealth Financial filed a praecipe for entry of a default judgment in the amount of $17,417.56.  The then Prothonotary

(now Office of Judicial Records) sent notices to Vanbuskirk in accordance with Pennsylvania Rule of Civil Procedure 236 and 237.5.[1]

Almost 18 years later, Commonwealth Financial filed a praecipe to issue a writ in attachment, a writ of execution in attachment and summons issued upon garnishee Citizens Bank with interrogatories in attachment. Citizens Bank was served on March 31, 2022. Citiziens Bank admitted that it maintained an account for Vanbuskirk with an available balance of $9,636.05. Following the filing of a praecipe, judgment by admission was entered against Citizens Bank in the amount of $9,636.05 on April 28, 2022.

On April 28, 2022, Vasbuskirk filed a petition to open the judgment. Therein, she claimed that she never was served with the complaint or notice of the 2004 default judgment. She further claimed that she was unaware of any garnishment proceedings until she was denied access to her Citizens Bank account on April 1, 2022. Lastly, Vanbuskirk claimed she never had an account with Commonwealth Financial and did not owe any debt.

On May 25, 2022, upon review of the record and without a hearing, the trial court denied Vanbuskirk's petition.

Vanbuskirk filed this timely appeal. Vanbuskirk and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

---

[1] Copies of the original supporting document are no longer available from the Office of Judicial Records. This information is taken from the Civil Docket Report in this case.

J-A05016-23

On appeal, Vanbuskirk raises several issues.[2]  In particular, she claims that the trial court erred in failing to hold an evidentiary hearing regarding service of the complaint.  In its Rule 1925(a) opinion, the trial court questions Vanbuskirk's ability to overcome the strong presumption that she was served with notice and therefore not entitled to the relief she seeks.  Nevertheless, the court requests the opportunity to conduct an evidentiary hearing in order to evaluate the credibility and merit of Vanbuskirk's claims.  Trial Court Opinion, 10/14/22 at 5.  Based upon our review and the court's request, we vacate the trial court's order denying Vanbuskirk's petition to open the default judgment and remand for further proceedings.  In light of this disposition, oral argument is cancelled.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *2/9/2023*

---

[2] Commonwealth Financial did not file a brief.